FARMERS' NAT. BANK OF PORTSMOUTH, OHIO, v. HANNAN, Adm'r, etc.*

*(Circuit Court, D. Ohio. November 24, 1880.)*

1. CONTRACT — CONSTRUCTION — ACTION AT LAW — SUBROGATION. — The stockholders of the Boone Mining & Manufacturing Company entered into the following agreement: "We * * hereby mutually agree with each other that they will each be responsible in mutual degree for all paper negotiated by the agent of the company for the use and benefit of the company; and should any paper so negotiated by the agent with the individual indorsement of one member be unprotected by the official agent by reason of want of funds, then, in such case, the parties to this agreement be each and severally bound for the payment of such paper in mutual proportions; and this agreement shall continue in force until the payment of all such claims have been made." In an action upon this contract by the holder of the paper of such company, indorsed by one of the parties to said agreement, against another one of the parties to said agreement, (both the corporation and the indorser being insolvent,) *held*, that this agreement was a contract between the shareholders, and that a holder of the paper of the company could not maintain an action at law against the parties thereto. His remedy was by a suit in equity to be substituted to the rights of the indorser.

2. PLEADING — BILL IN CHANCERY — ACTION AT LAW. — What allegations and circumstances show the petition to be for an action at law, and not a bill in chancery, decided.

On demurrer to the amended petition. The facts appear in the opinion.

*Coppock & Coppock* and *Stallo & Kittredge,* for plaintiff.

*E. A. Guthrie,* for defendant.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

BAXTER, C. J., (*orally.*)   In this case the stockholders of the Boone Mining & Manufacturing Company, on the twenty-first day of February, 1871, entered into an agreement between themselves, which is as follows:

"CINCINNATI, February 21, 1871.

"We, the undersigned, shareholders of the capital stock of the Boone Mining & Manufacturing Company, hereby mutually agree with each other that they will each be responsible in mutual degree for all paper negotiated by the agent of the company for the use and benefit of the company; and should any paper so negotiated by the agent with his individual indorsement of one member be unprotected by the official agent by reason of want of funds, then, in such case, the parties to this agreement be each and severally bound for the payment of such paper in mutual proportions; and this agreement shall continue in force until the payment of all such claims have been made.

"J. H. GUTHRIE.
"J. E. WYNNE.
"M. F. THOMPSON.
"JOHN WYNNE.
"D. M. DAVIS.
"J. & C. REAKERT.
"J. W. G. STACKPOLE."

It seems that one of the parties to this agreement and a shareholder of the corporation indorsed a note of the corporation, and that note was negotiated for value to the plaintiff in the suit.   The corporation and also this indorser have failed, and the holder of this paper seeks to have redress against one of the parties to this contract.   We entertain the opinion that this contract between these shareholders is a contract between themselves; that it was not made to apply to this plaintiff, and that while he may go into a court of chancery, and have relief over against the several parties to the contract,— in other words, enforce the rights which the party who indorsed the paper is entitled to, and be substituted to the rights of that party, and compel the payment

of their proportionate share of this note,—no such right exists at law; that the holder of this paper cannot sue the parties to this contract at law.

That brings up the question whether this is an action at law or a bill in chancery. The petition begins: "The said plaintiff, the Farmers' National Bank of Portsmouth, Ohio, states to the court, by way of amended petition, that it is a national banking association," etc., etc., and goes on and states the facts, and it avers that by reason of these facts the defendant became indebted to the plaintiff, treating it as a paper upon which they could properly sue, and that they had direct legal rights under it and not equitable; and the conclusion is a prayer for judgment; and we notice, upon the original petition, that the plaintiff also took the same view of it, for he says: "Issue summons; civil action for money only; amount claimed, $5,320."

We cannot come to any other conclusion than this is an action at law, and that an action at law upon this state of facts cannot be sustained. The demurrer will be sustained, and the petition dismissed.